1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DANIEL PIROSCAFO | |
| Plaintiff, | PLAINTIFF'S SUPPLEMENTAL REQUEST TO CHARGE |
| V. | |
| METRO NORTH RAILROAD COMPANY | CASE NO.: 3:08-CV-1753 (JCH) |
| Defendant. | |

§85.03 Aggravation or Activation of Disease or Defect

If you find for plaintiff, you should compensate him for any aggravation of an existing disease or physical defect (or activation of any such latent condition), resulting from such injury.  If you find that there was such an aggravation, you should determine, if you can, what portion of plaintiff's condition resulted from the aggravation and make allowance in your verdict only for the aggravation. However, if you cannot make that determination or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for the entire condition.

Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions Vol. 3.

PJI 2:283 Damages – Personal Injury – Increased Susceptibility to Injury

The fact that the plaintiff may have a physical or mental condition that makes him more susceptible to injury than a normal healthy person does not relieve the defendant of liability for all injuries sustained as a result of its negligence. The defendant is liable even though those injuries are greater than those that would have been sustained by a normal healthy person under the same circumstances.

A wrongdoer is chargeable for all the harm and suffering that his or her negligent act causes the plaintiff, even though the plaintiff's injuries are increased by a predisposition or weakness, Owen v Rochester-Penfield Bus Co., 304 NY 457, 108 NE2d 606; Dunham v Canisteo, 303 NY 498, 104 NE2d 872; Poplar v Bourjois, Inc., 298 NY 62, 80 NE2d 334; McCahill v New York Transp. Co., 201 NY 221, 94 NE 616; King v State, 58 AD2d 934, 396 NYS2d 919; Seitz v Department of Fire, 55 AD2d 829, 390 NYS2d 308; Fergus v Benedetto Trucking Co., 50 AD2d 754, 377 NYS2d 14; MacIver v Lyon, 43 AD2d 806, 350 NYS2d 477; Gonzalez v New York City Omnibus Corp., 150 NYS2d 722, aff'd, 2 AD2d 963, 158 NYS2d 739; Lang v Stadium Purchasing Corp., 216 App Div 558, 215 NYS 502; Miehlke v Nassau E. R. Co., 129 App Div 438, 114 NYS 90; Sikorski v Melba, 17 Misc2d 382, 183 NYS2d 731; 36 NYJur2d, Damages § 61.

The pre-existing physical condition of the plaintiff does not have to be known to the defendant in order for the plaintiff to recover, Bernstein v Western Union Tel. Co., 174 Misc 74, 18 NYS2d 856; Restatement of Torts 2d, Sec 461.

N.Y. Pattern Jury Instr.—Civil 2:283

3

Dated: June 14, 2012
       Williamsville, New York


/s/    Steven L. Kantor
STEVEN L. KANTOR, ESQ.
The Kantor Law Firm
Attorney for Plaintiff
5800 Main Street
Williamsville, New York 14221
(716) 626-0404

JEFFREY COOPER, ESQ.
Zeldes, Needle & Cooper
Of Counsel for Plaintiff
1000 Lafayette Blvd.
PO Box 1740
Bridgeport, CT 06601


TO:    Robert O. Hickey, Esq.
        Ryan, Ryan Deluca, LLP
        707 Summer Street
        Stamford, CT 06901

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---

DANIEL PIROSCAFO,

    PLAINTIFF,

                      CASE NO.: 3:08-CV-1753 (JCH)

VS.

METRO-NORTH RAILROAD COMPANY,

    DEFENDANT.

---

CERTIFICATE OF SERVICE

I hereby state that I have served the foregoing document upon all counsel of record by filing Electronic Case Filing on June 14, 2012 and by copy of same document to the Court as well as all defense counsel.

                                            /s/ Steven L. Kantor
                                            Steven L. Kantor