**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|   |   |   |
|---|---|---|
| | : | |
| DANIEL PIROSCAFO, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:08-CV-1753 (JCH) |
| | : | |
| v. | : | |
| | : | |
| METRO-NORTH RAILROAD CO., | : | JUNE 21, 2012 |
| Defendant. | : | |
| | : | |

**JURY CHARGE**

1.   INTRODUCTION

You have now heard all of the evidence in the case and the final arguments of

counsel.  This brings us to the stage in the trial when you will soon undertake your final

function as jurors.  First, however, it is my duty to instruct you concerning the law that

applies to this case.

You must take the law as I give it to you.  Regardless of any opinion you may

have as to what the law is or ought to be, it would be a violation of your sworn duty to

base a verdict upon any view of the law other than the view instructed by me.  If any

attorney or any witness or any exhibit has stated a legal principle different from one that

I state to you in these instructions, it is my instructions that you must follow.  It is my

instructions only that establish the law for your deliberations.  You must take the law as I

give it to you.

At the outset of this trial, I gave you some preliminary instructions that were

intended to serve as an introduction to the trial and to orient you to this case.  The

instructions that I give now are the final and complete instructions.  If you believe that

what I say now is inconsistent with the instructions I gave you at the start of the trial, you

should not rely on anything different that I may have said in the preliminary instructions. The instructions I am now giving you are the final instructions and must guide your deliberations in this case.

When you recess to deliberate, you will have your copy of these instructions on the law for your reference.  Please understand that the instructions as a whole constitute the law of this case; you should not single out any one instruction.

2.      ROLE OF JURORS

As members of the jury, you are the sole and exclusive judges of the facts.  You pass upon the evidence.  You determine the credibility of the witnesses.  You resolve such conflicts as there may be in the testimony.  You draw whatever reasonable inferences you decide to draw from the facts as you have determined them.  In determining these issues, no one may invade your province or function as jurors.  In order for you to determine the facts, you must rely upon your own recollection of the evidence.

In determining the facts, you are reminded that you took an oath to render judgment impartially and fairly, without prejudice or sympathy, solely upon the evidence in the case and the applicable law.  You should be guided solely by the evidence presented during trial, without regard to the consequences of your decision.  You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence.

All persons and parties stand equal before the law and are to be dealt with as equals in this, a court of justice.  I know that you will do this and in that way reach a just and true verdict.  If you let sympathy or bias interfere with your clear thinking, there is a risk that you will not arrive at a fair and just verdict.

Because you are the sole and exclusive judges of the facts, I do not mean to indicate, in this Charge or at any time during the trial, any opinion as to the facts or as to what your verdict should be.  The rulings I have made during the trial are not any indication of a view of what your decision should be as to whether or not Mr. Piroscafo has proven his case or Metro-North has proven its affirmative defense.  Of course, you

will dismiss from your mind completely any evidence which has been ruled out of the case by the court, and you will refrain from any speculation or guesswork about the nature or effect of any conversation between the court and counsel held out of your hearing.

I also instruct you to draw no inference from the fact that, upon occasion, I may have asked questions of, or given instructions to, a witness.  These questions and instructions were intended only for clarification or to expedite matters and certainly were not intended to suggest any opinion on my part as to the verdict you should render, or as to whether any of the witnesses may have been more or less credible than any other witnesses.

Also, you may not draw any inference from the mere fact that Mr. Piroscafo has filed this lawsuit.

As to the facts, you are the exclusive judges, and you are to perform the duty of finding the facts fairly, without bias or prejudice to any party.

3.     ROLE OF ATTORNEYS

It is the duty of the attorneys on each side of the case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the court to make rulings on issues of law.

All those questions of law must be decided by the court.  You should not show any prejudice against an attorney or his client because the attorney objected to the admissibility of evidence, or asked the court to rule on the law.

Similarly, one cannot help becoming involved with the personalities and styles of the attorneys, but it is important for you as jurors to recognize that this is not a contest among attorneys.  You are to decide this case solely on the basis of the evidence. Remember, statements and characterizations of the evidence by the attorneys are not evidence.  Insofar as you find their opening statements and closing arguments helpful, take advantage of them, but it is your memory and your evaluation of the evidence in the case that counts.

4.      BURDEN OF PROOF

In a civil case such as this, Mr. Piroscafo has the burden of proving each element of his claim by a preponderance of the evidence, and Metro-North has the burden of proving each element of its affirmative defense by a preponderance of the evidence.  In determining whether a party has satisfied its burden, bear in mind that you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them.

To prove a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  Therefore, the party that has the burden must prove more than simple equality of evidence.  If, after considering all of the evidence and testimony on a given issue, you find that both sides of the issue are equally probable, then that party has failed to sustain its burden, and you must decide that issue against that party.

However, when the burden is a preponderance of the evidence, the party that has the burden of proof need prove no more than a preponderance.  As I indicated, a preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or exhibits.  So long as you find that the scales tip, however slightly, in favor of the party that bears the burden on an element, then that element will have been proven by a preponderance of the evidence.

You may have heard the phrase "proof beyond a reasonable doubt."  That standard is the proper standard of proof in a criminal trial.  The case before you is a civil

6

case, and that standard does not apply to a civil case.  Therefore, you should not consider the criminal burden of proof in this case.

Throughout these instructions to you, I may use the word "prove" from time to time, with reference to the burden of proof.  I may also speak of your "finding" various facts as to elements of the claim made in this case.  You are to understand my use of the word "prove" to mean "prove by a preponderance of the evidence," even if I do not always repeat all these exact words.  Similarly, when I say that you must "find" a fact in order to return a verdict in favor of the plaintiff, you must find that fact to have been proved by a preponderance of the evidence, even if I simply use the word "find."

5.    WHAT IS AND IS NOT EVIDENCE

The evidence in this case consists of the sworn testimony of the witnesses and the exhibits received in evidence as full exhibits, without regard to which side called the witness or offered the exhibit.

It is the witnesses' answers and not the lawyers' questions that are evidence.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and then asked the witness if the statement was true.  If the witness admitted the truth of the statement, then you may consider it true.  If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.  Similarly, if an attorney described a witness's testimony, you should not accept that as the witness's testimony.  It is your recollection of the witness's testimony that controls.

The lawyers are not witnesses.  What the lawyers have said in their opening statements and their closing arguments, in their objections, or in their questions is not evidence.  What they have said in their closing arguments is intended to help you understand the evidence and to reach your verdict.  However, if your recollection of the facts differs from what a lawyer says in closing argument, it is your recollection that controls.

Testimony that has been stricken or excluded by the court is also not evidence and you may not consider it in rendering your verdict.

Anything I may have said during the trial, or what I may convey in these instructions, is not evidence.  My rulings on the admissibility of evidence do not, unless

expressly stated by me, indicate any opinion as to the weight or effect of such evidence.

Finally, anything you may have seen or heard when the court was not in session is not

evidence.  You are to decide the case solely on the evidence received at trial.

6.      STIPULATION

In the argument, you have heard reference to a "stipulation" or that some fact is "stipulated."  A stipulation of fact is an agreement between the parties that a certain fact is true.  Stipulations are evidence.  The effect of a stipulation is to relieve the party with the burden of proving that fact from having to introduce evidence to prove it.  Because the parties have agreed, you must regard such an agreed fact as true for the purposes of this case.

7.      DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence.  One type of evidence is direct evidence.  Direct evidence is evidence presented by a witness who testifies to what he saw, heard, or observed.  In other words, when a witness testifies about something he knows by virtue of his own senses, such as seeing, touching, or hearing, that is called direct evidence.  Direct evidence may also be in the form of an exhibit where the fact to be proved is the existence or content of the exhibit.

The other type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  That is, circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  Remember my rain example.  On the combination of facts that I asked you to assume, it would be reasonable and logical for you to conclude that it is raining.  It is not the only conclusion you could reach, nor would you have to reach that conclusion, but you could do so reasonably and logically.  All there is to circumstantial evidence is that you infer, on the basis of reason, experience, and common sense, from one or more established facts (in my example, people with wet umbrellas, hair, and raincoats, and the forecast) the existence or non-existence of some other fact (that it had been raining).

Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all the evidence.

8.     INFERENCES

In their arguments, the parties may have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.  An inference is not a suspicion, guess, speculation, or conjecture.  It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether those facts are proven by direct or circumstantial evidence.  The plaintiff may ask you to draw one set of inferences, while the defendant may ask you to draw another.  These inferences are deductions or conclusions which you, the jury, are permitted to draw, but are not required to draw, from the facts which have been established by either direct or circumstantial evidence.  It is for you, and you alone, to decide what inferences you will draw.  In drawing inferences, you should exercise your common sense.

9.    DETERMINING THE CREDIBILITY OF WITNESSES

You have had the opportunity to observe the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You and you alone are the judges of the credibility of each witness, which testimony to believe and which not to believe, and the importance of a witness's testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence which may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  When you watched a witness testify, everything that witness said or did on the witness stand counts in your determination. What impression did the witness give you?  How did the witness appear?  Did he or she appear to be frank, forthright, and candid, or evasive and edgy, as if hiding something? What was his or her demeanor, that is, his or her carriage, behavior, bearing, manner, and appearance while testifying?  Often it is not what a person says, but how he or she says it that informs us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  You should consider any bias or hostility the witness may have shown for or against any party.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified; the accuracy of the witness's memory; his or her candor or lack of candor; his or her intelligence or lack thereof; and the reasonableness and probability of his or her

testimony, its consistency or lack of consistency with other credible testimony, and its corroboration or lack of corroboration by other credible testimony.

If you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his testimony, and accept it with care.  Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. Two or more persons participating in an event or witnessing an incident or transaction may see or hear it differently; an innocent misrecollection, like failure of recollection, is not an uncommon experience.  In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an insignificant detail, and whether the discrepancy results from innocent error or from intentional falsehood.

You are not limited to the factors I have mentioned.  You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life.  Always remember that in assessing a witness's testimony, you should use your common sense, your good judgment, and your own life experience.

10.     CORPORATE PARTIES

In this case, the defendant, Metro-North, is a corporation.  The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you.  All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any individual party.

11.    NATURE OF THE CASE

Plaintiff Daniel Piroscafo brings this action under the Federal Employers' Liability Act ("FELA") against the defendant Metro-North Railroad Company for injuries he sustained while working for Metro-North in 2008.

Mr. Piroscafo claims that on February 23, 2008, he was injured while working at Metro-North's Springdale station due to an accumulation of ice, snow, or both.  He claims that he was injured as a result of Metro-North's negligence.  Mr. Piroscafo seeks damages for lost wages and benefits, as well as and pain and suffering.

Metro-North denies that it was negligent and claims that Mr. Piroscafo was negligent.  That is, Metro-North asserts that Mr. Piroscafo's injuries were not a result of any negligence on the part of Metro-North, but resulted solely from Mr. Piroscafo's own negligence.  Metro-North also disputes the cause and severity of Mr. Piroscafo's injuries.

12.     FELA CAUSE OF ACTION

Let me now turn to the specific claims in this case.  Mr. Piroscafo brings his claim

pursuant to the Federal Employers' Liability Act, which I will refer to as "FELA."  Under

FELA, whenever an employee of a railroad is injured while engaged in the course of his

employment, and the injury resulted, in whole or in part, from the negligence of any of

the managers, supervisors, or employees of the railroad, or by reason of any defect or

insufficiency due to the railroad's negligence in its cars, engines, machinery, track,

roadbed, works, or other equipment, then the railroad shall be liable in damages to the

injured employee.

In order to prevail on his claim under FELA, Mr. Piroscafo must prove four

elements.  Specifically, Mr. Piroscafo must prove:

(1)     that Metro-North is a railroad engaged in interstate commerce;

(2)     that Mr. Piroscafo was an employee of Metro-North in interstate

commerce, acting in the course of his employment;

(3)     that Metro-North, or one of its employees or agents, other than Mr.

Piroscafo, was negligent; and

(4)     that Metro-North's negligence played a part, no matter how slight, in

bringing about an injury to Mr. Piroscafo.

The parties have stipulated to the first and second elements of Mr. Piroscafo's

claim – that is, they have agreed that, at the times and places alleged by Mr. Piroscafo,

Metro-North was a railroad engaged in interstate commerce, and Mr. Piroscafo was an

employee of Metro-North acting in the course of his employment.  Consequently, you

17

only need to concern yourselves with the third and fourth elements of Mr. Piroscafo's

claim.  Let me explain both of these elements in greater detail.

13.   NEGLIGENCE

In order to prove the negligence element of his FELA claim, Mr. Piroscafo must prove that Metro-North or its managers, supervisors, or employees, other than Mr. Piroscafo, were negligent.

Negligence is simply the failure to use the same degree of care which a reasonably prudent person would use in the circumstances of a given situation.  It can be the doing of something which a reasonably prudent person would not have done or failing to do something which a reasonably prudent person would have done under the circumstances.  A reasonably prudent person is a hypothetical person who acts sensibly, does things without serious delay, and takes proper but not excessive precautions.

This definition of negligence requires a defendant to guard against those risks or hazards which it knew about or by the exercise of due care should have known about. In other words, a defendant's duty of care is measured by what a reasonably prudent person would anticipate or foresee resulting from particular circumstances.

The degree of care required of a reasonably prudent person varies with the level of risk present in a given situation.  The greater the risk of harm, the greater the required level of care.

The fact that Mr. Piroscafo was injured during his employment does not automatically entitle him to recover from Metro-North.  He can only recover from Metro-North if he establishes, by a preponderance of the evidence, that Metro-North was negligent, and that this negligence played a part, even in the slightest, in causing Mr. Piroscafo's injury.

14.     INFERENCE FROM FACT OF ACCIDENT

The mere fact that an accident happened, standing alone, does not permit you to infer that the accident was caused by anyone's negligence.

15.    FORESEEABILITY CONSIDERATIONS

Under FELA, a railroad employer must guard against those hazards or risks of which it knew or, by the exercise of due care, should have known.  Thus, in order for Metro-North to be held liable to Mr. Piroscafo, it must have had knowledge or notice of the conditions Mr. Piroscafo claims caused his injury.  Metro-North is not liable if it had no reasonable way of knowing that the risk or hazard—which caused Mr. Piroscafo's injury—existed.

How do you determine whether Metro-North knew or, through the exercise of reasonable care, should have known of a particular risk or hazard?

First, you may consider any evidence presented concerning the actual knowledge of Metro-North or its employees or other agents of the risk or hazard in question.

Second, you may consider any evidence presented that the risk or hazard was brought to the attention of Metro-North or its employees or other agents, for example, through employees' statements or complaints concerning the risk or hazard.

Third, you may consider whether a reasonably prudent company, acting through its agents or employees, would have performed inspections which would have brought the risk or hazard to Metro-North's attention, or otherwise would have known of the risk or hazard.

If you find by a preponderance of the evidence that a reasonably prudent person would have taken reasonable precautions against the risk or hazard based on (1) actual knowledge, (2) statements or complaints, or (3) reasonable inspection, and you find that

Metro-North failed to take such reasonable precautions, then Mr. Piroscafo will have proved that Metro-North was negligent.

16.    PLAINTIFF'S CLAIM OF NEGLIGENCE

Mr. Piroscafo claims that Metro-North was negligent in one or both of the following ways:

      (1)    Metro-North failed to inspect the premises where Mr. Piroscafo worked and failed to remove ice and snow from the Springdale Station platform.

      (2)    Metro-North failed to properly apply sand or salt to the ice, or failed to remove ice, at the Springdale Station platform.

If Mr. Piroscafo proves by a preponderance of the evidence that one or both of these claims of negligence contributed in whole or in part, even to the slightest degree, to an injury he sustained, then you must return a verdict against Metro-North.  You must, however, be unanimous in your finding of the way, or ways, in which Metro-North was negligent.

17.    DUTY TO PROVIDE SAFE PLACE TO WORK

FELA imposes on Metro-North a duty to its employees to exercise reasonable care to provide them with: (1) a reasonably safe place in which to work; (2) reasonably safe conditions in which to work; (3) adequate instruction in order to perform their work; and (4) adequate supervision of their work.  This duty also includes the responsibility to inspect the premises where employees will be working and their equipment, and to take reasonable precautions to protect employees from possible danger.  The duty is a "continuing duty" which exists regardless of whether an employee's work at the place in question is fleeting or infrequent.  In short, an employee such as Mr. Piroscafo has the right to assume that Metro-North has taken reasonable precautions to eliminate potential hazards at the work site.

Nevertheless, Metro-North is not required to furnish its employees with a place to work which is absolutely safe.  Its duty is only to exercise reasonable and ordinary care to provide a reasonably safe place for its employees to perform their work.  Thus, Metro-North is not obligated to eliminate all risks in the work place, but rather it is obligated to eliminate all unreasonable risks in the work place.

18.     NEGLIGENCE SUMMARY

To summarize, if you find by a preponderance of the evidence that Metro-North failed to exercise reasonable care in one or more of the ways that Mr. Piroscafo alleges, Mr. Piroscafo has satisfied the third element of his FELA claim and you must proceed to consider the fourth element, causation.  If, however, you find that Mr. Piroscafo has not proven by a preponderance of the evidence that Metro-North was negligent, you must return a verdict for Metro-North.

19.     CAUSATION

The final element that Mr. Piroscafo must prove to prevail on his FELA claim is causation.  You reach this element only if you have found by a preponderance of the evidence that Metro-North was negligent.

The causation element asks whether an injury to Mr. Piroscafo resulted in whole or part from the negligence of Metro-North.  In other words, did Metro-North's negligence play any part, even the slightest, in bringing about an injury to Mr. Piroscafo?

It is important to remember that there can be more than one cause of an injury. The involvement of any other cause does not prevent a finding for Mr. Piroscafo, as long as you find that the negligence of a manager, supervisor, or employee of Metro-North, other than Mr. Piroscafo, played a part, no matter how slight, in causing an injury to Mr. Piroscafo.  If you find that Metro-North's negligence played no part in bringing about an injury to Mr. Piroscafo, then you must return a verdict for Metro-North.

20.   FORESEEABILITY OF PARTICULAR INJURY

If you find that Metro-North acted negligently or negligently failed to act, then Mr. Piroscafo is entitled to recover for the damages caused by Metro-North's negligence. The particular injury that resulted need not have been foreseeable.  Rather, it is sufficient to establish that any harm was a reasonably foreseeable result of the relevant circumstances, regardless of whether the manner in which Mr. Piroscafo claims he was injured was unexpectedly severe or improbable.

21.    SUMMARY OF ELEMENTS OF PLAINTIFF'S CLAIM

That completes my instructions on Mr. Piroscafo's FELA claim.  If you find that Mr. Piroscafo has failed to prove either one or both of these two elements of his FELA claim, then you must return a verdict for Metro-North.

If you find that Mr. Piroscafo has proved by a preponderance of the evidence that Metro-North, through one of its managers, supervisors, or employees, other than Mr. Piroscafo, was negligent, and that Metro-North's negligence played a part, no matter how slight, in bringing about an injury to Mr. Piroscafo, then you must consider Metro-North's affirmative defense of contributory negligence.

22.    AFFIRMATIVE DEFENSE: CONTRIBUTORY NEGLIGENCE

In this case, Metro-North has asserted the affirmative defense known as "contributory negligence."  This means that Metro-North alleges that any injury Mr. Piroscafo suffered was due, in whole or in part, to his own negligence.  Metro-North bears the burden of proving by a preponderance of the evidence that Mr. Piroscafo was contributorily negligent.

If you find that Mr. Piroscafo was negligent, however, such finding does not prevent him from recovering damages if you find that Metro-North's negligence also played a part in causing his injury.  Instead, it would result in a reduction of Mr. Piroscafo's damages in proportion to the amount of negligence attributable to Mr. Piroscafo, as compared to the amount of negligence attributable to Metro-North, as I will explain in detail shortly.

23.   DEFENDANT'S CLAIMS OF PLAINTIFF'S NEGLIGENCE

Metro-North claims that Mr. Piroscafo was negligent in the following ways:

(1)   Mr. Piroscafo observed the platform and recognized the potentially slippery condition but failed to avoid it;

(2)   Mr. Piroscafo saw the conditions of snow, ice, or both on the platform and failed to protect himself from falling by holding onto the train or observing the platform from the window;

(3)   Mr. Piroscafo chose to step onto the platform without ensuring that he had proper footing;

(4)   Mr. Piroscafo should have altered his activities to account for the potentially slippery conditions, but did not.

If Metro-North proves one or more of its claims of negligence contributed, in whole or in part, even to the slightest degree, to Mr. Piroscafo's injury, then you must find that Mr. Piroscafo was contributorily negligent.  You must, however, be unanimous in your finding of the way, or ways, in which Mr. Piroscafo was negligent.

24.    SAME STANDARDS

To determine whether Mr. Piroscafo was "contributorily negligent," you apply the same instructions regarding negligence discussed earlier (see pg. 19); that is, did Mr. Piroscafo take, or fail to take, actions which a reasonably prudent person would have taken in the circumstances?

You also apply the same rule of causation (see pg. 26), that is, did Mr. Piroscafo's negligence, if any, play any part, no matter how slight, in bringing about his injury?  Metro-North has the burden of proof by a preponderance of the evidence on the issue of contributory negligence.

25.    DUTY OF PLAINTIFF

In addition to the duties of Metro-North discussed above, Mr. Piroscafo had a duty to utilize reasonable care to protect his own safety.  This means that Mr. Piroscafo had a duty to guard against those risks or dangers which he knew or, by the exercise of reasonable care, should have known.  In other words, Mr. Piroscafo's duty is measured by what a reasonably prudent person would anticipate or foresee resulting from a particular circumstance.

26.    PROPORTIONATE NEGLIGENCE

If you find by a preponderance of the evidence both that (1) Metro-North was negligent and that its negligence played a part in causing an injury to Mr. Piroscafo and (2) Mr. Piroscafo was negligent and that his negligence played a part in causing his own injury, you must then determine the percentage to which Mr. Piroscafo's negligence contributed to his injury, if any.  You will report this percentage on the Special Verdict Form, which I will discuss shortly.  After you return your verdict, I will decrease the total amount of damages you have found Mr. Piroscafo suffered, if any, by the percentage by which you find that Mr. Piroscafo's negligence contributed to his own injury, if any.  Thus, if you find both (1) and (2) above, the court will calculate the final amount to be awarded to Mr. Piroscafo.

If you reach the issue of damages, you should address the question of damages as a matter separate from the issue of contributory negligence.

27.    ISSUES TO BE DETERMINED - SUMMARY

In summary, the issues to be determined regarding liability in this case are:

(1) Was Metro-North negligent in one or both of the ways Mr. Piroscafo alleges?

If the jury's answer is no, you must return a verdict for Metro-North.  If the jury's answer

is yes, the next issue you must determine is:

(2) Did Metro-North's negligence cause or contribute in any way to the injury of

Mr. Piroscafo?

If the jury's answer to that question is no, then you must return a verdict for Metro-North.

If the jury's answer is yes, you must then ask a third question:

(3) Was Mr. Piroscafo contributorily negligent in one or more of the ways Metro-

North alleges?

If you find that he was not, then having found in Mr. Piroscafo's favor on the first two

questions, you will proceed to determine the total amount of Mr. Piroscafo's damages

and return a verdict in his favor for that amount.  If you find, by a preponderance of the

evidence, that Mr. Piroscafo was contributorily negligent, you will proceed to determine

the percentage negligence of the two parties, and then you must determine the total

amount of Mr. Piroscafo's damages.

Remember, you may answer the first question in the affirmative only if you are

unanimous in your finding of the way or ways in which Metro-North was negligent.

Further, you may answer the third question in the affirmative only if you are unanimous

in your finding of the way or ways, in which Mr. Piroscafo was negligent.

28.    DAMAGES: GENERAL

If, after deliberating, you decide that Mr. Piroscafo has established the elements of negligence and causation, as I have explained them, by a preponderance of the evidence, then you should turn to the issue of damages.

The fact that I charge you on the law governing damages should not be taken as a suggestion that you should necessarily reach the question of damages.  It is your function to decide the issue of liability; I am instructing you on elements of damages only so that you will have guidance should you decide that Mr. Piroscafo is entitled to recover damages on his claim.  You should not consider the question of damages unless and until you find that Mr. Piroscafo has sustained his burden of proof as to the elements of negligence and causation.

The purpose of damages is to compensate an injured plaintiff for the injuries sustained as a result of the defendant's negligence.  You should award damages only for those injuries caused by the conduct you find satisfies the elements of the cause of action alleged in this lawsuit, in accordance with these instructions.  Your award must be fair and just.  It should neither be excessive nor inadequate; the award should be reasonable.

29.    PRE-EXISTING CONDITION; AGGRAVATION

There was evidence that, prior to the incident of February 23, 2008, Mr. Piroscafo may have had a pre-existing physical condition.  If you find that Mr. Piroscafo's pre-existing condition, if any, made him more susceptible to injury than a person in good health, Metro-North is responsible for all injuries suffered by Mr. Piroscafo as a result of Metro-North's negligence, even if those injuries are greater than would have been suffered by a person in good health under the same circumstances.

When a plaintiff has a pre-existing condition that would inevitably worsen, a defendant causing subsequent injury is entitled to have the plaintiff's damages reduced to reflect the proportion of damages that would have been suffered from that pre-existing condition even in the absence of the subsequent injury.  The burden of proof is on a defendant to prove the extent of the damages that the pre-existing condition would inevitably have caused.

If you find that Mr. Piroscafo had such a pre-existing condition that would have inevitably worsened, you should determine, if you can, what portion of Mr. Piroscafo's post-injury condition was caused by Metro-North's negligence, and make award in your verdict only for the aggravation of the pre-existing condition.  The burden of proof on that issue is on Metro-North.  If you cannot determine what portion of Mr. Piroscafo's post-injury condition is due to the aggravation, or if it cannot be said that the condition would have existed apart from the injury, you should consider and make allowance in your verdict for all of the post-injury damages suffered by Mr. Piroscafo.

30.    AWARD IS NOT TAXABLE

If you make any award of damages, such award is not subject to federal or state income taxes, and you should not consider such taxes in determining the amount of damages, if any.

31.     DAMAGES IN A PERSONAL INJURY ACTION

Under FELA, if Mr. Piroscafo has sustained his burden of proof, he may recover

for:

(1)     After-tax loss of earnings and benefits from the time of the accident to the

present;

(2)     Pain, suffering, and mental anguish, including the effect of his injury on the

normal pursuits and pleasures of life, experienced from the date of the

accident to the present; and

(3)     Pain, suffering, and mental anguish, as you may reasonably find he is

likely to endure in the future as a result of his injury.

Daniel Piroscafo is 45.1 years old.  The court instructs you that, according to

government statistics, Mr. Piroscafo has a life expectancy of 31.72 years.  This fact is

now in evidence for you to consider in arriving at the amount of damages, if any, to be

awarded in the event that you find Mr. Piroscafo is entitled to a verdict.  You must

remember, however, that this number is merely an estimate of the probable average

remaining life of all persons in our country of a given age, sex, and race, and that this

estimate is based on a limited record of experience.  Therefore, in considering the life

expectancy of Mr. Piroscafo, you should consider, in addition to what is shown by the

statistics, all other facts and circumstances in evidence bearing on Mr. Piroscafo's life

expectancy, including his habits and state of health.

I will now explain the types of damages in more detail.

32.    LOSS OF INCOME

Lost income includes wages and other financial benefits thatMr. Piroscafo has lost from the date of his injury to the trial.  You may also take into consideration any other costs which you find from the evidence that Mr. Piroscafo has incurred as a result of any injury he sustained as a result of Metro-North's negligence.  I will refer to these damages as "economic damages."  Please bear in mind that if you make an award for lost earnings and benefits, this amount should be an after-tax amount.

33.   PAIN, SUFFERING, AND MENTAL ANGUISH

You may award compensation for the emotional harm to Mr. Piroscafo caused by Metro-North's negligence, including emotional distress or pain, humiliation, shame, personal indignity, embarrassment, fear, anxiety, mental anguish, and loss of enjoyment of life's activities, which he has suffered or may with reasonable certainty be expected to suffer in the future.  I will refer to these damages as "non-economic damages."

It is not necessary that any witness should have expressed an opinion as to the amount of damages for such pain and suffering.  You, the jury, may estimate the amount of such damages, if any, by considering the facts and circumstances in evidence in light of your own knowledge and experience in the affairs of life.  The law prescribes no definite measure of pain and suffering damages, but leaves the measure of such damages to be fixed by you as your reasonable discretion dictates, if after considering all the circumstances that may be just and proper, you find for Mr. Piroscafo in this regard.

If you decide to award Mr. Piroscafo future non-economic damages, you should take into account the fact that any award for future non-economic losses is being received now, rather than in the future.  Therefore, you may consider whether to reduce any sum you may award to reflect the opportunity to invest it over time and also whether any such reduction should be tempered by the likelihood that inflation will reduce the purchasing power of any sum that you choose to award.  You need not follow any precise method to discount any amount you award to Mr. Piroscafo for future non-economic damages.  It is sufficient that you take into account the time value of money without applying any precise mathematical adjustment.

34.    DAMAGES NOT GUESSWORK OR SPECULATION

If you decide to award damages, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.

Damages must be reasonable.  If you find that Mr. Piroscafo is entitled to a verdict, you may award only such damages as will reasonably compensate him for such injury and damage as you find, from a preponderance of the evidence in the case, resulted in whole or in part from the negligence of Metro-North.

You are not permitted to speculate. Thus, you are not to include in any verdict compensation for any prospective loss which, although possible, is not reasonably certain to occur in the future.

35.    SUMMARY

In summary, first you must determine whether Mr. Piroscafo has proven that Metro-North was negligent and that Metro-North's negligence played a part, no matter how slight, in bringing about the injury to Mr. Piroscafo.

If so, you must then determine whether Metro-North has proven that Mr. Piroscafo was also negligent.  If he was, you must determine the percentage of responsibility for any injuries claimed that are due to Mr. Piroscafo's negligence.

Finally, if necessary, you must determine the total amount of damages, if any, suffered by Mr. Piroscafo as a result of his injury.

If Mr. Piroscafo was negligent to an extent of being less than the sole cause of his injuries, he may recover but the award—which you find would fully compensate him for what he proves were his injuries—must be reduced by the percentage of his negligence.  You need not concern yourselves with making any such reduction calculation: the court will make that reduction calculation after you return your verdict.

36.    NOTE TAKING

I have now concluded the instructions relating to the specific claims in this case. In closing, I must add a few general instructions concerning your deliberations. You were permitted to take notes during the course of the trial. Any notes you have taken should be used only as memory aids; do not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own recollection of the proceedings and should not be influenced by the notes of other jurors.

37.    CLOSING REMARKS

Let me now say a few words about your deliberations.  First, keep in mind that nothing I have said in these instructions – indeed, nothing I have said or done during this trial – is intended to suggest to you in any way what I think your verdict should be. That is entirely for you to decide.

When you retire to the jury room, it is your duty to discuss the case with your fellow jurors for the purpose of reaching agreement if you can do so.  Each of you must decide the case for yourself, but you should do so only after considering all the evidence, listening to the views of your fellow jurors, and discussing the case fully with the other jurors.

It is important that you reach a verdict only if you can do so conscientiously.  You should not hesitate to reconsider your own opinions from time to time and to change them if you become convinced that they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

Remember that your verdict must be unanimous.  If you take a vote during deliberations and you are not unanimous, then you have not reached a final decision one way or another and should continue to deliberate.

Remember also that your verdict must be based solely on the evidence in the case as you have found it and the law as I have given it to you, not on anything else. Closing arguments, or other statements or arguments of counsel, are not evidence.  If your recollection differs from the way counsel has stated the facts, then your recollection controls.

Remember at all times that you are not a party to this case.  Rather, you are the judges of the facts, and your sole interest is to seek the truth from the evidence in this case.

The instructions that I gave you at the beginning of the case about outside factors apply during your deliberations.  Do not discuss this case with anyone outside the jury deliberation room, even with your fellow jurors.  Also, do not read or listen to any outside information about the case during your deliberations.  And do not try to do any research or make any investigation.  And, of course, continue to refrain from speaking to the parties, their attorneys, the witnesses, and me.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate with anyone any information about this case or to conduct any research about this case until I accept your verdict.

Upon retiring to the jury room you should first elect one among you to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.  After you have retired to begin your deliberations, you are not to leave the jury room without first notifying the court security officer seated outside the room, who will escort you.  No deliberations may take place without all jurors being present.

A Special Verdict Form has been prepared for your convenience.  The Special Verdict Form is made up of questions concerning the important issues in this case.  The

Special Verdict Form is not evidence in this case, nor should you view it as supplementing or modifying in any way my instructions to you on the law.  Your answers must reflect the conscientious judgment of each juror and must be unanimous.  The Special Verdict Form includes instructions to guide you in filling it out, and follows the order of these instructions.  You should answer every question, except where the Special Verdict Form indicates otherwise.  I suggest that you start at the beginning, and work your way through, following the instructions carefully.

The Deputy Clerk will bring the Special Verdict Form into the jury room.  You will answer the questions asked.  When you have reached unanimous agreement as to your verdict, you will have your foreperson fill in your answers, and then date and sign the Special Verdict Form.  Then inform the court security officer that you have reached a verdict.  I stress that each of you must be in agreement with the verdict as contained in the Special Verdict Form and announced in court.  Your verdict must be unanimous.

You are about to go into the jury room to begin your deliberations.  Please wait to begin deliberations until the deputy clerk brings the Special Verdict Form and exhibits in to you.  It will take a few minutes to gather the exhibits.  If you want any of the testimony read, you must request that.  Please remember that it is not always easy to locate what you might want.  Therefore, if you feel you need testimony read back, be as specific as possible in your request.  Any communication with the court should be made to me in writing, signed by your foreperson, and given to the court security officer.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may, if you can, continue your deliberations while waiting for the answer to

any question.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I must also caution you that, in your communications with the court, you should never indicate in any way how the jury stands, numerically or otherwise.  Never disclose any vote count in any note to the court.

It is proper to add a final caution.  Nothing that I have said in these instructions, and nothing that I have said or done during the trial, has been said or done to suggest to you what I think your verdict should be.  What the verdict shall be is your exclusive duty and responsibility.

This completes my instruction to you.  Thank you for your service so far and thank you in advance for your careful and thoughtful deliberations.

9a.    EXPERT WITNESS

In this case, I have permitted witnesses to express opinions about matters that are in issue.  A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training.  Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.