UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DANIEL PIROSCAFO, | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:08-CV-1753 (JCH) |
| | : | |
| v. | : | |
| | : | |
| METRO-NORTH RAILROAD CO., | : | AUGUST 24, 2012 |
| Defendant. | : | |
| | : | |

**RULING RE: PLAINTIFF'S MOTION FOR JUDGMENT
AS A MATTER OF LAW OR FOR A NEW TRIAL (Doc. No. 90)**

**I.    INTRODUCTION**

Plaintiff, Daniel Piroscafo, brought this action against defendant, Metro-North Railroad Co. ("Metro-North") pursuant to the Federal Employer Liability Act, 45 U.S.C. § 51 et seq. Piroscafo alleged that he was injured while working at Metro-North's Springdale station on February 23, 2008, due to Metro-North's negligence in failing to clear an accumulation of ice, snow, or both. A jury verdict was returned in favor of Metro-North, and Piroscafo now moves for judgment as a matter of law, or, in the alternative, for a new trial.

**II.   BACKGROUND**

A jury trial began on June 18, 2012. The jury heard three days of evidence. Piroscafo testified that, at approximately 6:40 on the morning of February 23, 2008, he was injured while working as a conductor when he slipped on ice as he stepped off the train to check for boarding passengers at the Springdale station. He testified that the platform appeared to be covered with a thin layer of snow. Michael Hopkins, a passenger who boarded at Springdale at the time of Piroscafo's injury, testified that the

platform was icy, and that he had difficulty walking to the train.  He testified that the platform did not appear to be cleared of snow or ice, nor did it appear to be salted or sanded.

The evidence also showed that there had been three to six inches of snow accumulation between 4 a.m. and 8 p.m. on February 22.  Michael Osmun, a Metro-North employee, worked as part of a team responsible for removing snow and ice from around 6 a.m. until 10 p.m. on February 22.  Osmun testified that, after removing snow and ice and applying calcium to prevent freezing, he left the Springdale station platform clear, if wet.  He further testified that the first track department employees—those responsible for clearing snow and ice—arrived at 8 a.m. on February 23, and would not have inspected the platforms before 8:30 a.m.

Piroscafo introduced weather records of February 23 at the airport in White Plains, New York that indicated traces of precipitation between 4 a.m. and 7 a.m., temperatures between thirty-one degrees around 11 p.m. on February 22, and twenty-eight degrees by the time of the injury on February 23.[1]  Weather records from Bridgeport, Connecticut showed on-and-off trace amounts of precipitation overnight and in the early morning of February 23, with temperatures at or just below freezing.  A Metro-North employee testified that Metro-North constantly monitors weather conditions.

At the close of Piroscafo's evidence, Metro-North moved for judgment as a matter of law, which Motion was denied without prejudice to renew.  See Minute Entry

---

[1] The Springdale station is on the New Canaan branch of the New Haven line, which runs from Stamford to New Haven.  It is approximately 10 miles east of the airport in White Plains and approximately 18 miles west/southwest of Bridgeport.

(Doc. No. 79). At the close of evidence, Piroscafo moved for judgment as a matter of law, which Motion was denied. See Minute Entry (Doc. No. 81).

The jury was charged on June 21, 2012, and delivered its verdict the next day, after about four hours of deliberation. The jury found that Piroscafo had not proven Metro-North's negligence by a preponderance of the evidence, as reported on a Special Verdict Form. See Jury Verdict (Doc. No. 85) at 1. Because it so found, it did not consider the other elements of Piroscafo's FELA claim, nor Metro-North's claim of contributory negligence. Id.

### III.   MOTION FOR JUDGMENT AS A MATTER OF LAW

Piroscafo contends that "the evidence at trial overwhelmingly showed that Metro-North was negligent." Pl.'s Mem. in Support of Motion for Judgment as a Matter of Law (Doc. No. 91) ("Pl.'s Mem. in Support) at 2. He argues both that the evidence supports only the conclusions that Metro-North had actual or constructive notice of the icy conditions on the platform, and that Metro-North's negligence caused Piroscafo's injury. Id. at 4-7, 11.

####   A.   Standard

Rule 50(b) of the Federal Rules of Civil Procedure allows for the entry of judgment as a matter of law if a jury returns a verdict for which there is no legally sufficient evidentiary basis. See Fed. R. Civ. P. 50. The standard under Rule 50 is the same as that for summary judgment: a court may not grant a Rule 50 motion unless "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable [persons] could have reached." This Is Me, Inc. v. Taylor, 157

F.3d 139, 142 (2d Cir. 1998) (internal quotation and citation omitted).  Thus, in deciding such a motion, "the court must give deference to all credibility determinations and reasonable inferences of the jury . . . and it may not itself weigh the credibility of the witnesses or consider the weight of the evidence."  Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998) (citations omitted).  In short, the court cannot "substitute its judgment for that of the jury."  LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 429 (2d Cir. 1995) (citations omitted).  Rather, judgment as a matter of law may only be granted if: "(1) there is such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or (2) there is such an overwhelming amount of evidence in favor of the movant that reasonable and fair minded persons could not arrive at a verdict against it."  Galdieri-Ambrosini, 136 F.3d at 289 (quoting Cruz v. Local Union No. 3, Int'l Bhd. of Elec. Workers, 34 F.3d 1148, 1154 (2d Cir. 1994)) (internal quotation marks omitted); see also Luciano v. Olsten Corp., 110 F.3d 210, 214 (2d Cir. 1997).

Moreover, "weakness of the evidence does not justify judgment as a matter of law; as in the case of a grant of summary judgment, the evidence must be such that 'a reasonable juror would have been compelled to accept the view of the moving party.'"  This Is Me, Inc., 157 F.3d at 142 (quoting Piesco v. Koch, 12 F.3d 332, 343 (2d Cir. 1993)).  The court "must view the evidence in the light most favorable to the party in whose favor the verdict was rendered, giving that party the benefit of all reasonable inferences that the jury might have drawn in his favor."  Norton v. Sam's Club, 145 F.3d 114, 118 (2d Cir. 1998); see also Mickle v. Morin, 297 F.3d 114, 120 (2d Cir. 2002) (court must draw all reasonable inferences in favor of the non-moving party).

Additionally, in making its determination, the court "'must disregard all evidence favorable to the moving party that the jury is not required to believe.'" Mickle, 297 F.3d at 120 (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 151 (2000)). Thus, "[a] party seeking to overturn a verdict based on the sufficiency of the evidence bears a very heavy burden." Norton, 145 F.3d at 118.

      B.     Discussion

In order to show that Metro-North is liable under FELA, Piroscafo was required to prove: that Metro-North is a railroad engaged in interstate commerce; that he was acting in the course of his employment; that Metro-North or one or more of its agents besides him was negligent; and that Metro-North's negligence played a part, no matter how slight, in bringing about his injury. See Marchica v. Long Island R.R. Co., 31 F.3d 1197, 1202 (2d Cir. 1994). The parties stipulated to the first two elements, leaving Piroscafo to prove that Metro-North breached its duty to provide him with a safe place to work, and that such breach played any part in causing his injury.

FELA is not a strict liability statute, and, as the court instructed the jury, the fact that Piroscafo was injured is not proof of Metro-North's negligence. See Williams v. Long Island R.R. Co., 196 F.3d 402, 406 (2d Cir. 1999); Jury Charge (Doc. No. 84) at 20. A railroad breaches its duty under FELA if it fails to provide a safe workplace "'when it knows or should know of a potential hazard . . . [but] fails to exercise reasonable care to . . . protect its employees.'" Syverson v. Consol. Rail. Corp., 19 F.3d 824, 826 (2d Cir. 1994) (quoting Gallose v. Long Island R.R., 878 F.2d 80, 84-85 (2d Cir. 1989)); see also Williams, 196 F.3d at 407. Piroscafo was therefore required to prove that Metro-

North had actual or constructive notice of dangerous conditions at the Springdale platform in the early morning of February 23.

There was no evidence that Metro-North had actual notice of the conditions at the Springdale platform prior to Piroscafo's fall.  To the contrary, Piroscafo introduced evidence that no Metro-North employee checked or cleared the platform between 10 o'clock the night before his fall and 8:30 the next morning, almost two hours after his fall.  Although there was evidence that Metro-North had a practice of monitoring the weather throughout the night, there was no evidence of the actual conditions in Springdale overnight, nor of Metro-North's monitoring thereof.  Thus, Piroscafo is entitled to judgment as a matter of law only if, viewing the evidence in the light most favorable to Metro-North and  making all inferences in favor of Metro-North, the court can only conclude that, in the exercise of due care, Metro-North should have known that the Springdale platform was dangerous.  See, e.g., Williams, 196 F.3d at 406-07.

As Metro-North points out in its Opposition, the jury could reasonably have inferred from the evidence at trial that Metro-North exercised due care and yet was not on notice of dangerous conditions at Springdale.  See Def.'s Mem. in Support of Objection to Pl.'s Mot. (Doc. No. 93) ("Def.'s Mem. in Opp'n") at 5-6.  Osmun testified that, at 10 p.m. on February 22, the Springdale platform was clear, with spots of water, and calcium had been applied to prevent freezing.  There was no evidence from which the jury could infer, much less be required to infer, that more precipitation or freezing temperatures were anticipated.  There was no testimony that suggested that the calcium applied would have been inadequate, under normal circumstances, to keep

6

train platforms safe for six hours at temperatures around or just below freezing, with trace precipitation.

This lack of evidence—which, if presented, could have supported an inference of notice—instead supports the inference that, on this record, Metro-North acted reasonably under the circumstances—i.e. that Metro-North exercised due care. Drawing this inference in favor of Metro-North, the court is compelled to conclude that a reasonable juror could have found that Metro-North was not negligent because it did not have constructive notice of dangerous conditions on the Springdale platform. The jury reasonably could have concluded that Piroscafo's FELA claim failed due to lack of notice. Cf. Haas v. Delaware & Hudson Ry. Co., 282 F. App'x 84, 87 (2d Cir. 2008) (citing Sinclair v. Long Island R.R., 985 F.2d 74, 77 (2d Cir. 1993)) (notice is a required element of FELA claim). Therefore, Piroscafo cannot show that he is entitled to judgment as a matter of law.[2]

## IV.     MOTION FOR A NEW TRIAL

In the alternative, Piroscafo moves for a new trial pursuant to Rule 59. See Pl.'s Mem. in Support at 13. Piroscafo does not state the basis for his request for a new trial. From his brief, the court can infer two possible bases for this request: first, that the jury reached an erroneous result based on the evidence at trial; and second, that an e-mail from a juror indicates that the jury's deliberations were unreasonable.

---

[2] Piroscafo also argues that the evidence at trial showed that Metro-North's negligence caused his injury, especially under FELA's relaxed standard. See, e.g., Mem. in Support at 3, 4, 7; see also Haas, 282 F. App'x at 87 (citing Williams, 196 F.3d at 407)). Because the jury reasonably could have concluded that Piroscafo did not prove Metro-North breached its duty to provide him with a safe workplace, the court need not consider whether, had negligence been proven, a finding of causation would have been required.

A.   Standard

A new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1)(A).  Generally, a new trial "'should be granted when, in the opinion of the district court, the jury reached a seriously erroneous result or . . . the verdict is a miscarriage of justice.'" DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133 (2d Cir. 1998) (quoting Song v. Ives Labs., Inc., 957 F.2d 1041, 1047 (2d Cir. 1992)).  The decision of whether to grant a new trial is left to the sound discretion of the judge.  See Pouliot v. Paul Arpin Van Lines, Inc., 235 F.R.D. 537, 542 (D. Conn. 2006).

Unlike judgment as a matter of law, a new trial may be granted even if there is substantial evidence supporting the jury's verdict. DLC Mgmt. Corp., 163 F.3d at 134. In considering whether to grant a new trial, a trial judge is free to weigh the evidence herself and need not view it in the light most favorable to the verdict winner. Id. at 134. However, "a court should rarely disturb a jury's evaluation of a witness's credibility," and should only grant a new trial where the jury's verdict is "egregious." Id. (citations omitted).  Further, "it is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Pouliot, 235 F.R.D. at 542 (quoting Sequa v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotations omitted).

B.   Discussion

    1.   Erroneous Result

For the reasons discussed above, this court cannot say that the jury reached a seriously erroneous result by finding that Metro-North was not negligent, because it

reasonably could have found that Metro-North lacked actual and constructive notice of any dangerous conditions on the Springdale platform on the morning of February 23, 2008.  See supra Part III(B). Therefore, the jury's verdict was not unreasonable, and a new trial is not justified on this basis.

### 2. Miscarriage of Justice

Piroscafo attaches an email that a juror in the case sent to plaintiff's counsel. See Email, Ex. 1 to Pl.'s Mem. in Support.  In the context of an offer to Attorney Cooper to discuss "what caused the decision," the juror discusses the deliberations of the jury, and discloses the statements of other jurors and preliminary votes of the jury.  Id.  The email does, however, reveal that another juror discussed prior experience on a state jury.[3]  Id.

Statements by jurors generally may not be used to impeach a jury verdict, but there is an exception that allows jurors to testify "on the question whether extraneous prejudicial information was improperly brought to the jury's attention."  Fed. R. Evid. 606(b); Bibbins v. Dalsheim, 21 F.3d 13, 17 (2d Cir. 1994).  "This exception is a narrow one.  Even when a juror attests to receiving information outside the record, the juror may not go on to testify about the effect of that information on the juror's mental processes or the jury's deliberations."  Bibbins, 21 F.3d at 17.

The juror's email does not indicate or suggest that the jury failed to follow the court's instructions on the law.  At most, it suggests that another juror shared a personal experience or some prior understanding of negligence law.[4]  It does not imply that the

---

[3] Because it reveals the deliberation process, the court ordered it sealed when it was filed.

[4] The juror wrote: "There was one juror who had previously been on a state jury involving a civil case of a man sueing [sic] CT re some sort of issue with road maintenance [sic] causing his accident on I-95.  She was very outspoken . . . ." Id.

jury failed to adhere to the court's instructions; to the contrary, the email states that the other jurors adhered closely to the court's instructions.[5]  See Email, Ex. 1 to Pl.'s Mem. in Support ("They all stuck to the [Jury Charge] with all of the glue they could muster."). Therefore, the juror's email is inadmissible under Rule 606(b).  Moreover, its content does not cast doubt on the integrity of the jury's deliberations in this case.  In sum, the email does not support an inference of a miscarriage of justice and does not justify a new trial.

**V.    CONCLUSION**

For the reasons stated above, Piroscafo's Motion for Judgment as a Matter of Law, or, in the alternative, for a New Trial (Doc. No. 90) is **DENEID**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 24th day of August, 2012.

                                                   /s/ Janet C. Hall
                                                   Janet C. Hall
                                                   United States District Judge

---

[5] In addition to the court's instructions on the relevant law, the court instructed the jury several times that it was obliged to apply the law as stated in the court's instruction, as opposed to any other understanding of the law.  See Jury Charge (Doc. No. 84) at 1, 44.